In the Matter of STEVEN DiJOSEPH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 7, 1992

## APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

## OPINION OF THE COURT

Per Curiam.

Respondent Steven DiJoseph was admitted to practice in the Second Department on February 6, 1974. At all times pertinent to this proceeding, respondent maintained an office for the practice of law within the First Department.

By affidavit dated July 3, 1991, respondent is seeking an order pursuant to 22 NYCRR 603.11 permitting him to resign as a member of the Bar of the State of New York.

Respondent acknowledges that an investigation is pending before the Departmental Disciplinary Committee into allegations that he is guilty of professional misconduct. Specifically, respondent states that he was the managing attorney at the law firm of Morris J. Eisen, P. C. from February 1983 until October 1984.

In November 1990, while under no pending indictment, respondent voluntarily testified in Federal court under a grant of immunity at the racketeering and conspiracy trial of Morris Eisen, Esq., and other members of his firm. During the course of that trial respondent admitted to misconduct involving fabrication of evidence, forgery and perjury in a significant number of judicial proceedings.

Respondent acknowledges that if charges were predicated upon the foregoing misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Respondent also states that he is voluntarily cooperating with the Departmental Disciplinary Committee in connection with its ongoing investigation into the conduct of other attorneys either previously associated with Morris Eisen or having professional relationships with Mr. Eisen, and others.

The Departmental Disciplinary Committee supports respondent's request for permission to resign, and acknowledges that respondent's cooperation has contributed substantially to its investigation.

The affidavit of resignation submitted by respondent fully complies with the requirements of section 603.11 of this court's rules governing the conduct of attorneys. Respondent acknowledges that (1) he is the subject of a pending investigation or disciplinary proceeding into allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily tendered; (3) he has not been subjected to coercion or duress; (4) he is fully aware of the implications of submitting his resignation; and (5) that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against such charges.

Accordingly, respondent's resignation as a member of the Bar should be accepted and directed to be filed, and his name stricken from the roll of attorneys.

MURPHY, P. J., SULLIVAN, ROSENBERGER, KASSAL AND SMITH, JJ., concur.

Respondent's resignation is accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective January 7, 1992.